## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHARLES FLOWERS,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. DLB-25-1803** |
| **VETERANS HELP GROUP,** | * | |
| **Defendant.** | * | |

### MEMORANDUM & ORDER

Charles Flowers, who is proceeding without counsel, has sued Veterans Help Group ("VHG"), claiming the organization wrongfully obtained a cut of his Veteran's benefits award for attorney's fees. VHG moved to dismiss for lack of jurisdiction. Because the Court lacks subject matter jurisdiction over Flowers's claims, the motion to dismiss is granted.

### I.    Background

The following allegations are from Flowers's complaint.

Flowers is a disabled army veteran. ECF 1, at 2. Veterans Help Group is an organization that assists veterans filing claims with the Department of Veterans Affairs ("VA"). *Id.* In July 2024, VHG submitted an appointment of a representative form (Form 21-22a) and an application for benefits (Form 21-526EZ) on Flowers's behalf to the VA. *Id.* Flowers alleges that the forms bore his "forged e-signature." *Id.* Flowers claims that he never "sign[ed] a contract, provide[d] authorization, or request[ed] assistance from Defendant to file any VA claim." *Id.*

The VA approved Flowers's benefits claim. *Id.* On September 10, 2024, the VA paid VHG 20% of Flowers's VA benefits award, or $3,918.74, in attorney's fees. *Id.* Flowers alleges that, as a result, he was "unable to pay the firm he actually hired (VetSuccess101), to whom he still owes over $7,000." *Id.* When Flowers contacted VHG, they sent him "a packet of backdated

communications and forged authorizations." *Id.* Flowers alleges that the VA "has confirmed the POA form submitted by Defendant was electronically signed and is therefore invalid," but he does not explain what a "POA form" is. *Id.* at 3.

Flowers filed suit in this Court against VHG, asserting claims of fraudulent misrepresentation, unauthorized representation/identity misuse, and unjust enrichment. *Id.* He seeks $75,000 in damages and a restitution award of $3,918.74. *Id.* VHG moved to dismiss for lack of jurisdiction. ECF 9. Flowers did not respond to the motion. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025).

## II.     Standard of Review

"A motion to dismiss based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the question of whether the court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).[1] "Federal courts are courts of limited jurisdiction[,]" possessing "only that power authorized by Constitution and statute." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The plaintiff, as the party asserting jurisdiction, bears the burden of establishing it. *Id.* Where, as here, defendants contest subject matter jurisdiction "by contending that, even assuming that the allegations are true, the complaint fails to set forth facts upon which jurisdiction is proper"—a facial challenge to jurisdiction—the plaintiff "is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration[.]" *Durden v. United States*, 736 F.3d 296, 300 (4th Cir. 2013) (*quoting Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)) (internal quotation marks omitted). Dismissal

---

[1] VHG filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* ECF 9-1. Because the substance of VHG's argument is that the Court lacks jurisdiction to consider Flowers's claims, the Court addresses the motion under Rule 12(b)(1).

for lack of subject matter jurisdiction is proper "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799 (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

Complaints drafted by self-represented plaintiffs like Flowers "are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

## III.    Discussion

Flowers alleges that VHG fraudulently misrepresented to the VA that VHG represented him in his VA claim. He also alleges that VHG was unjustly enriched when it was awarded attorney's fees that were deducted from Flowers's benefits award. In VHG's view, Flowers's claims are an attempt to appeal the VA's determination that VHG was owed attorney's fees in connection with Flowers's successful benefits claim. VHG argues that federal district courts lack jurisdiction over such appeals.

Title 38 of the U.S. Code governs veterans' benefits. 38 U.S.C. § 101 *et seq.* Through the Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105 (1988), which amended Title 38, "Congress enacted a specialized review process for the adjudication of veterans' benefits claims." *Hairston v. DVA, Reg'l VA Off. Martinsburg*, 841 F. App'x 565, 569 (4th Cir. 2021). The VJRA "provides an exclusive scheme of judicial review for all questions arising from veterans' benefits decisions." *Johnson v. United States Cong.*, 151 F.4th 1287, 1292 (11th Cir. 2025). As relevant here, 38 U.S.C. § 511(a) provides that "[t]he Secretary [of the VA] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." The Secretary's decision is "final and

conclusive and may not be reviewed by any other official or by any court." *Id.* If a veteran wants to appeal the Secretary's veterans' benefits decision, they must do so through a separate appeals process: first to the Board of Veterans' Appeals, then to the Court of Appeals for Veterans Claims, then to the U.S. Court of Appeals for the Federal Circuit, and, finally, to the U.S. Supreme Court. 38 U.S.C. §§ 7104, 7252(a), 7292; 28 U.S.C. § 1254. "In general, review of decisions made in the context of an individual veteran's VA benefits proceedings are beyond the jurisdiction of federal courts," except for this "review scheme established by the VJRA." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1023 (9th Cir. 2012).

Courts have interpreted § 511(a) of the VJRA to bar judicial review "even where the veteran has challenged some other wrongful conduct that, although unrelated to the VA's ultimate decision on his claim, affected his or her benefits proceeding." *Id.* at 1024. Judicial review is also precluded "over any claim that would require [the court] to review a VA benefits determination, even if the claim is not for the benefits themselves." *Newcombe v. United States*, 933 F.3d 915, 917 (8th Cir. 2019). The scope of § 511(a)'s bar on judicial review is broad. *See Veterans for Common Sense*, 678 F.3d at 1025 (the VJRA "precludes jurisdiction" over "any decision made by the Secretary in the course of making benefits determinations" (quoting *Broudy v. Mather*, 460 F.3d 106, 115 (D.C. Cir. 2006))); *Price v. United States*, 228 F.3d 420, 421–22 (D.C. Cir. 2000) (per curiam) (holding § 511(a) applied to claims connected to "VA decisions affecting the provision of veterans' benefits," including any "claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction" and "determine first whether the VA acted properly" in handling the underlying benefits determination); *Weaver v. United States*, 98 F.3d 518, 519–20 (10th Cir. 1996) (finding § 511(a) precluded review of underlying benefits

determination *and* plaintiff's conspiracy, fraud, and misrepresentation claims against VA employees).[2]

Here, Flowers claims that VHG fraudulently represented to the VA that the organization was assisting him with his benefits claim, and he also claims that VHG was unjustly enriched when the VA awarded it attorney's fees. In support of these claims, Flowers alleges that the VA paid VHG's attorney's fees by withholding 20% of his benefits award, leaving him with only 80% of the award. Flowers alleges that VHG was not entitled to the fees because VHG did not represent him. If Flowers is correct, he would receive a higher benefits award. These allegations make clear that Flowers's claims are essentially an appeal of the VA's decision to give VHG attorney's fees from his benefits award. Whether the VHG was entitled to attorney's fees was a "VA decision[] affecting the provision of veterans' benefits" because it directly impacted how much of the benefits award went to Flowers. *See Price*, 228 F.3d at 421. Adjudicating Flowers's claims that the VA should not have awarded VHG attorney's fees out of his benefits award "would require the court to intrude upon the VA's exclusive jurisdiction" and "determine first whether the VA acted properly" in the benefits determination. *See id.* at 422. Doing so would violate the VJRA. Thus, the VJRA precludes the Court from exercising jurisdiction over Flowers's claims against VHG.[3]

---

[2] The U.S. Court of Appeals for the Fourth Circuit has not addressed a situation like this one in a published opinion. However, the Fourth Circuit in *Butler v. United States*, 702 F.3d 749, 753 (4th Cir. 2012) held that § 511(a) did not preclude judicial review over a Federal Tort Claims Act claim that was premised on the same facts as a VA benefits claim because an adverse decision on the FTCA claim would not impact the benefits award. The facts in *Butler* are not similar to the facts here, but *Butler*'s analysis and holding are consistent with the Court's analysis and conclusion here.

[3] As provided in the VJRA, the proper avenue for appealing an attorney's fees determination is to file a request for a fee review with the Office of the General Counsel ("OGC"). 38 C.F.R. § 14.636(i)(1). In its motion to dismiss, VHG stated that Flowers has since filed a request with the VA that he is challenging the attorney's fees award and that the notice has been forwarded to the OGC. ECF 9-1, at 2.

**IV.    Conclusion**

For these reasons, the Court lacks subject matter jurisdiction over Flowers's claims in this

lawsuit.

Accordingly, it is, this 26th day of November, 2025, hereby ORDERED:

1.  Veterans Help Group's motion to dismiss, ECF 9, is GRANTED;

2.  The case is DISMISSED without prejudice;

3.  The Clerk SHALL CLOSE this case; and

4.  The Clerk SHALL TRANSMIT a copy of this Order and the accompanying
    memorandum opinion to Flowers and counsel of record.

Date: November 26, 2025

_____

Deborah L. Boardman
United States District Judge